UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANNA M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-0343-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1976, has an 11th-grade education, and has worked as a collections agent. AR 52. Plaintiff was last gainfully employed in 2003. AR 73.

In December 2016, Plaintiff applied for benefits, with an amended alleged onset date of December 20, 2016. AR 15, 64. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 133-36, 139-41, 143-44. After the ALJ

conducted a hearing in September 2018 (AR 37-60), the ALJ issued a decision finding Plaintiff not disabled. AR 112-22.

The Appeals Council granted Plaintiff's request for review and remanded the matter to the ALJ for further proceedings. AR 128-32. On remand, the ALJ held a hearing in March 2021 (AR 61-87), and subsequently issued another decision finding Plaintiff not disabled. AR 15-30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**: Plaintiff has the following severe impairments: anxiety disorder, panic disorder, depressive disorder, cannabis abuse, and borderline personality disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels, but is limited to performing simple, routine, repetitive tasks, with brief and superficial interaction with coworkers, and no public contact.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-30.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

//

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

1                           **LEGAL STANDARDS**

2      Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

3 security benefits when the ALJ's findings are based on harmful legal error or not supported by

4 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

5 2005). As a general principle, an ALJ's error may be deemed harmless where it is

6 "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104,

7 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to

8 determine whether the error alters the outcome of the case." *Id*.

9      Substantial evidence is "more than a mere scintilla. It means - and means only - such

10 relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11 *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

12 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving

13 conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v.*

14 *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record

15 as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

16 Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

17 susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

18 must be upheld. *Id.*

19                            **DISCUSSION**

20      Plaintiff argues the ALJ erred in discounting her testimony as well as lay statements. The

21 Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial

22 evidence, and should be affirmed.

23

### A. The ALJ Erred in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's testimony and explained that he discounted it because: (1) the medical evidence was not entirely consistent with Plaintiff's allegations, (2) Plaintiff expressed interest in working and evidenced some secondary gain motivation, and (3) Plaintiff's activities were inconsistent with the degree of limitation she reported. AR 20-24. Plaintiff contends that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees with Plaintiff and finds most of the ALJ's lines of reasoning unconvincing. First, the ALJ did not identify inconsistencies in the medical record that undermine Plaintiff's allegations. Specifically, the record does not contain substantial evidence supporting the ALJ's finding that the conservative nature of Plaintiff's course of treatment undermined her allegations. Plaintiff's treatment consisted of therapy and medication, and it is not clear that further treatment was available for her mental conditions. Under these circumstances, Plaintiff's course of treatment does not undermine her allegations. *See Lapierre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. Jun. 9, 2010) ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist.").

Furthermore, although the ALJ found that Plaintiff's symptoms improved with treatment, the evidence shows that disabling symptoms — namely Plaintiff's difficulty leaving the house and being in public spaces — persisted despite treatment. The ALJ acknowledges that these symptoms persisted (AR 23), but did not explain how Plaintiff could nonetheless work outside of her home. Perhaps the ALJ intended to state that because Plaintiff could interact appropriately with her providers (in-person and telephonically) her agoraphobia was not disabling, but such a finding fails to account for the fact that Plaintiff's boyfriend accompanied her to all of her

appointments and that there are significant differences between treatment appointments and the workplace.  The record does not contain substantial evidence undermining Plaintiff's allegation of difficulty leaving her home alone and being in public places, and instead overwhelmingly corroborates Plaintiff's testimony.  *See, e.g.*, AR 1186 (Plaintiff reports "that she does not like to leave her home unattended and has her boyfriend drive her to appointments and pick up her son from school"), 1208 (provider opines that Plaintiff "needs days to prepare [to] leave house"), 1226 (Plaintiff reports stable mood, but "still has anxiety about driving and being in public places and continues to stay at home for the most part"), 1234 (Plaintiff reports improved mood and sleep, but "still has anxiety about driving and being in public places and continues to isolate"), 1238 (Plaintiff "shared her fear of dissociating in public"), 1242 (Plaintiff's sleep has improved, but she still has problems being in public places), 1246 (Plaintiff "continues to feel overwhelmed about when she would be able to get out of the house again").

        The ALJ also found that Plaintiff's activities indicate that she is less limited than alleged, but he did not cite any evidence of activities undermining her alleged difficulties leaving her home unaccompanied, being in public, and handling routine stressors.  *See* AR 24.  The ALJ noted that Plaintiff went "away for a weekend retreat," but did not acknowledge that this retreat was with her family, and thus it does not "indicat[e] that she can interact with people beyond her household[.]"  *Id*. (referencing AR 1218, 1222).  Because Plaintiff's retreat activity is not inconsistent with her alleged limitations, this line of reasoning is also erroneous.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

        The ALJ also suggested that Plaintiff demonstrated a secondary gain focus because she told a psychiatric provider that she did not wish to transfer care to her primary care provider

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

because she was concerned that transferring care would impact her disability claim. AR 24 (referencing AR 1234). But Plaintiff had been told by a provider that disability attorneys "generally prefer psychiatrists to fill out paperwork" (AR 1161), and the ALJ did not explain why Plaintiff's decision to continue treatment with a psychiatric provider amounted to secondary gain. The Court finds no evidence of a secondary gain motivation in Plaintiff's decision to maintain care with a psychiatric provider rather than her primary care provider.

To the extent that the ALJ also discounted Plaintiff's testimony due to a gap in treatment records from August 2018 through July 2020 (AR 23), the ALJ did not properly develop the record to determine why Plaintiff did not receive treatment during this time, before finding that this gap undermined her allegations. *See* Social Security Ruling 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017) ("We will not find an individual's symptoms inconsistent with the evidence in the record [because the frequency or extent of treatment sought by an individual is not comparable with the degree of the individual's subjective complaints] without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.").

The ALJ's strongest line of reasoning relates to Plaintiff's attempts to find work during the adjudicated period, but even this evidence fails to rise to the level of a clear and convincing reason to discount Plaintiff's allegations because she applied to only part-time jobs during the course of a few months in 2018, and did not obtain any of these positions. *See* AR 998-99, 1129-51. Because this evidence does not strongly contradict Plaintiff's alleged inability to work, the Court does not find that this one line of reasoning renders the ALJ's other errors harmless.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

1  Because the ALJ failed to provide legally sufficient reasons to discount Plaintiff's

2  allegation of limitations related to functioning outside her home and handling routine stressors,

3  the ALJ erred and must reconsider these allegations on remand.

4      **B.    The ALJ Erred in Discounting the Lay Statements**

5  The ALJ summarized several statements from Plaintiff's boyfriend and parents (AR 75-

6  81, 311-18, 355-57, 368-73) and found that although these lay witnesses described Plaintiff with

7  "significant difficulties in public, the record does not detail that [Plaintiff] was observed in acute

8  distress or agitated because she was or had been in public when at treatment providers offices[.]"

9  AR 28.  The ALJ also stated that the lay statements were "inconsistent with the conservative,

10 medication- and therapy-based treatment, the largely benign symptom reports, or the claimant's

11 reports that medication helped with her symptoms." *Id*.  Plaintiff argues that the ALJ failed to

12 provide germane reasons to discount the lay statements, as required in the Ninth Circuit. *See*

13 *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the

14 testimony of the lay witnesses, he must give reasons that are germane to each witness.").

15 The Court agrees with Plaintiff, for the same reasons explained *supra* with respect to the

16 ALJ's assessment of Plaintiff's testimony.  The ALJ's reasoning fails to appreciate the

17 significant differences between appearing for a treatment appointment (accompanied by a

18 significant other) and working full-time.  Furthermore, as discussed *supra*, the ALJ failed to

19 show that Plaintiff's course of treatment was not commensurate with her reported symptoms, or

20 that Plaintiff's ability to leave her home alone or handle stress improved with medication.  Thus,

21 the ALJ erred in discounting the lay statements to the extent that they described limitations

22 related to Plaintiff's difficulty functioning outside her home and handling stress.

23

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's allegations of limitations related to leaving her home and handling stress, and the lay statements describing observations of those limitations. The ALJ may also reconsider any other parts of the decision as necessary on remand.

Dated this 8th day of September, 2022.

S. KATE VAUGHAN
United States Magistrate Judge