UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHANNA M.,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C22-0343-SKV

ORDER DENYING THE COMMISSIONER'S RULE 59(e) MOTION

This matter comes before the Court on the Commissioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 14. After considering the parties' briefing and the balance of the record, the Court DENIES the Commissioner's motion.

The Court may reconsider and amend a judgment pursuant to Rule 59(e). However, this rule "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In her Rule 59(e) motion, the Commissioner argues that the Court clearly erred in reviewing the ALJ's assessment of Plaintiff's testimony, specifically in finding that Plaintiff's job search did not constitute a clear and convincing reason to discount her allegation of an inability to work. Dkt. 14. The Commissioner cites cases in support of the proposition that job search activity, including searching for part-time jobs, "may constitute substantial evidence in support of an ALJ's adverse subjective symptom complaint evaluation." Dkt. 14 at 2. Even if this is true, because other courts have found that a claimant's search for part-time jobs *does* constitute a legally sufficient reason to discount a claimant's allegation of an inability to work, it does not establish that the Court's fact-specific finding is erroneous here.

In this case, Plaintiff applied to some part-time jobs over the course of three months, and did not obtain any of the jobs. *See* Dkt. 12 at 6. The Court acknowledged the relative strength of this argument, compared to the ALJ's other invalid reasons, but nonetheless found that it was not a sufficiently convincing reason to solely support the ALJ's discounting of Plaintiff's testimony in light of Plaintiff's lack of success as well as the short period during which she applied for jobs. *Id*. The Court did not apply an alternate standard of review, as suggested by the Commissioner (Dkt. 14 at 3), but instead properly considered whether any of the ALJ's reasons to discount Plaintiff's testimony was sufficiently clear and convincing. *See* Dkt. 12 at 6.

Other courts have also found that part-time job search activity is not a clear and convincing reason to discount a claimant's allegation of disability. *See, e.g.*, *Keith S. v. Saul*, 2021 WL 5249684, at *4 (E.D. Wash. Mar. 15, 2021) (finding an ALJ erred in citing plaintiff's search for part-time work as a reason to discount his allegation of disability because the record does not confirm that he ever worked part-time and "part-time work is not inconsistent with disability"); *Jeanne R. v. Saul*, 2020 WL 4673460, at *5-6 (C.D. Cal. Aug. 12, 2020) (finding

ORDER DENYING THE COMMISSIONER'S
RULE 59(E) MOTION - 2

that plaintiff's search for part-time jobs did not undermine her allegation of disability because plaintiff did not actually obtain jobs due to the symptoms that she claimed were disabling); *Dodghson v. Berryhill*, 2018 WL 2047453, at *11 (N.D. Cal. May 2, 2018) (finding that an ALJ erred in finding that claimant's unsuccessful search for work undermines her allegation of disability because searching for work does not demonstrate the ability to work). That some courts, in cases cited by the Commissioner (Dkt. 14 at 3-4), have taken the opposite position speaks to the fact-specific nature of judicial review of ALJ decisions. The Commissioner has not satisfied the high burden of demonstrating clear error in the Court's finding that Plaintiff's job search activity was not a sufficiently convincing reason to solely support the ALJ's discounting of Plaintiff's testimony.

For these reasons, the Court finds that the Commissioner has not shown she is entitled to relief under Rule 59(e) and her motion (Dkt. 14) is therefore DENIED.

Dated this 4th day of October, 2022.

S. KATE VAUGHAN
United States Magistrate Judge